# EXHIBIT B

# COMPLAINT TO TRANS UNION, LLC

**STATE OF MINNESOTA**  **DISTRICT COURT**
**County of Hennepin**  
                                Judicial District:       Fourth  
                                Case Type:            Civil Other/Misc.

---

Wendy Anderson
*Plaintiff*

vs.

Equifax Information Services, LLC;  **COMPLAINT**
Experian Information Solutions, Inc.;
Trans Union, LLC;
*Defendant*

---

      Plaintiff by his attorney, for his Complaint against Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., Synchrony Bank, and Trans Union, LLC upon personal knowledge as to her own facts and conduct and on information and belief as to all other matters, states and alleges as follows:

### Introduction

1.    The following case involves what is known in the credit reporting industry as a mixed file consumer report. A mixed credit file occurs when a credit bureau commingles the credit histories of two different individuals into a single report.[1] Ms. Anderson is not in any way associated with the Synchrony Bank/PPMC tradeline. However, there was a blatant disregard by Equifax Information Services, LLC (Equifax), Experian Information Solutions, Inc. (Experian), and

---

[1] *See* Consumer Fin. Prot. Bureau, Key Dimensions and Processes in the U.S. Credit Reporting System: A review of how the nation's largest credit bureaus manage consumer data 22 (2012).

3

Trans Union, LLC to correct the highly prejudicial false credit information contained in Ms. Anderson's report. Despite repeated attempts to correct this information, Defendants failed to respond to Ms. Anderson's dispute, and failed to delete the information as required by law. The effect of Defendant's actions was damage to Plaintiff's credit score frustrating, if not totally preventing, her ability to utilize the credit system. Without other recourse available and after numerous attempts to amicably resolve this matter, Plaintiff commenced this action.

### Statement of Jurisdiction and Venue

2. This Court has jurisdiction over the subject matter of this action pursuant to Minn. Stat. § 484.01, 15 U.S.C. § 1681p, and the presumption of concurrency.

3. Venue is proper pursuant to Minn. Stat. § 542.09 because the cause of action arose within the State of Minnesota and the County of Hennepin.

### Parties

4. Plaintiff is an adult resident of Hennepin County, Minnesota.

5. Defendant, Equifax Information Services, LLC ("Equifax"), is a foreign consumer reporting agency (CRA) registered in the State of Georgia with a service of process address listed as 2345 Rice Street, Suite 230, Roseville, Minnesota 55113.

6. Defendant, Experian Information Solutions, Inc. ("Experian"), is a nationally recognized consumer reporting agency (CRA) registered as a Limited Liability Company in the state of Ohio, and it has a service of process address listed as 1010 Dale Street North, St. Paul, Minnesota 55117.

7. Defendant, Trans Union, LLC ("Trans Union"), is a nationally recognized consumer reporting agency (CRA) registered as a Limited Liability Company in the state of Delaware,

4

and it has a service of process address listed as 2345 Rice Street, Suite 230, Roseville, Minnesota 55113.

8. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants conducted business in the State of Minnesota and in the County of Hennepin.

**Facts**

9. Plaintiff is, and at all times mentioned herein was, a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

10. The Defendants are a consumer reporting agency ("CRA") as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f) because the company is in the business of assembling and analyzing consumer information before selling consumer reports to third parties.

11. Sometime prior to the fling of this action, Plaintiff reviewed her consumer report maintained by Equifax, Experian, and Trans Union and discovered that Defendants were reporting a negative account for which Plaintiff was not in any way associated.

12. As a CRA, the defendant's are obligated under the Fair Credit Reporting Act ("FCRA") to take affirmative steps to assure the maximum possible accuracy of the information they report about consumers.

13. This plainly did not occur.

14. On information and belief, the Defendants obtained this inaccurate information from unreliable sources utilizing poor matching data, which Defendants knew or should have known were prone to errors.

15. This resulted in information not associated with Ms. Anderson being included on her credit report.

16.     Specifically, the information contained on Ms. Anderson's report contained an account that was in no way associated with Ms. Anderson.

17.     This is what is referred to in the industry as a mixed credit file.

18.     This situation is believed to have occurred because Defendants did not assure other personally identifying information associated with the account were consistent with Plaintiff.

19.     The end result of this was that a negative tradeline unrelated to Plaintiff was placed on Plaintiff's consumer reports issued by the Defendants CRA.

20.     On information and belief, without following reasonable procedures to verify the information as accurate, Equifax, Experian, and Trans Union informed Plaintiff's potential creditors that Plaintiff was an undesirable borrower.

21.     This resulted in the denial of credit.

22.     On information and belief, any reasonable investigation by the Defendant's including comparison of personally identifiable information associated with the account would have readily revealed the fact that the alleged negative information did not pertain to Plaintiff.

23.     The CRAs failed to respond, yet still continued to report the account as due, owing, and otherwise negative.

24.     The direct result of this false reporting and Defendants' failure to correct the false information was significant damage to Plaintiff's credit rating, thereby making it impossible for Plaintiff to obtain favorable loans and credit cards.

25.     As a result of Defendants' conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation and has been unfairly excluded from the benefits of the credit system.

**APPLICABLE STATUTORY LAW**

26. CRAs that sell consumer reports must comply with the FCRA. FCRA Section 607(b), 15 U.S.C. § 1681e(b), requires a CRA to establish and follow reasonable procedures to assure the maximum possible accuracy of consumer report information, including assuring that only information pertaining to the consumer at issue is contained in his or his report and that procedures exist to assure outdated information is not contained on consumer reports.

27. Section 611 of the FCRA, 15 U.S.C. § 1681i, requires a CRA, upon notice of disputed information, to conduct a reasonable reinvestigation to determine the accuracy of information disputed by a consumer who is the subject of a report.

28. The same section requires that notice of the reinvestigation to be promptly provided to the furnisher of the credit information.

29. If after any reinvestigation an item is found to be inaccurate or cannot be verified, the CRA must promptly delete that item from the file of the consumer.

30. CRAs must also assure that outdated and obsolete information is removed from reports. Section 605 of the FCRA, 15 U.S.C. § 1681c addresses the maximum time that various accounts may be listed on a consumer credit report.

## Claims

*Count I – Negligent Noncompliance with FCRA*

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The CRA Defendants negligently failed to comply with the requirements of the FCRA, including but not limited to:

7

a. failing to follow reasonable procedures to limit the furnishing of consumer reports to the purposes listed under section 1681b of the FCRA, as required by 15 USC § 1681e(a);

c. failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC § 1681e(b);

d. failing to comply with the requirements of 15 USC § 1681g;

e. failing to comply with the requirements of 15 USC § 1681i; and

f. failing to comply with the requirements of 15 USC § 1681c-2.

23. As a result of Defendants' failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

24. Plaintiff requests attorney's fees pursuant to 15 USC § 1681o(a).

*Count II – Willful Noncompliance with FCRA*

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The CRAs willfully failed to comply with the requirements of FCRA, including but not limited to:

a. failing to follow reasonable procedures to limit the furnishing of consumer reports to the purposes listed under section 1681b of the FCRA, as required by 15 USC § 1681e(a);

8

    c.    failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC § 1681e(b);

    d.    failing to comply with the requirements of 15 USC § 1681g;

    e.    failing to comply with the requirements of 15 USC § 1681i; and

    f.    failing to comply with the requirements of 15 USC § 1681c-2.

27.    As a result of Defendants' failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

28.    Plaintiff requests attorney's fees pursuant to 15 USC § 1681n(a).

### Jury Demand

33.    Plaintiff hereby demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff, by and through his attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendants as follows:

    a.    all actual compensatory damages suffered;

    b.    statutory damages in an amount up to $1,000.00, pursuant to 15 U.S.C. §1681n;

    c.    injunctive relief prohibiting such conduct in the future;

    d.    reasonable attorney's fees, litigation expenses, and cost of suit; and

    e.    any other relief deemed appropriate by this Honorable Court.

Dated: January 28, 2022        **MN LEGAL ASSISTANCE**

s/ *Lisa Hanson*
Lisa Hanson (#0395406)
333 S 7th St., #2450
Minneapolis, MN 55402
(612) 412-9503 ext. 714
Lisa.hanson@Madgettlaw.com

ATTORNEY FOR PLAINTIFF